FILED

APR 0 5 2011

CLERK U S DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON,<br>CDCR #V-64547,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTINE CAVALIN; JOSE<br>CALDERON,<br><br>Defendants. | Case No.    11-CV-108 BEN (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S<br>MOTION TO PROCEED *IN<br>FORMA PAUPERIS*<br>[Doc. # 2]; and**<br><br>**(2) DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND** |

William Cecil Thornton ("Plaintiff"), a state prisoner currently incarcerated at the California Correctional Institution, filed a *pro se* civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a). Instead, he filed motion to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Mot. to Proceed IFP [Doc. # 2].)

## I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States—except an application for writ of *habeas corpus*—must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay

1    the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C.

2    § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners

3    granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless

4    of whether their action ultimately is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v.*

5    *Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

6         Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"),

7    a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund

8    account statement (or institutional equivalent) for the prisoner for the six-month period

9    immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v.*

10   *King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust-account statement, the

11   Court must assess an initial payment of 20% of (a) the average monthly deposits in the

12   account for the past six months, or (b) the average monthly balance in the account for the

13   past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C.

14   § 1915(b)(1) & (4). The custodial institution must collect subsequent payments, assessed at

15   20% of the preceding month's income, in any month in which the prisoner's account exceeds

16   $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28

17   U.S.C. § 1915(b)(2).

18        The Court finds that Plaintiff has no available funds from which to pay filing fees at

19   this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be

20   prohibited from bringing a civil action or appealing a civil action or criminal judgment for

21   the reason that the prisoner has no assets and no means by which to pay the initial partial

22   filing fee"); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-

23   valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due

24   to the lack of funds available to him when payment is ordered").

25        Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and assesses no

26   initial partial filing fee, per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the

27   filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to

28   the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must, *sua sponte*, dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe *pro se* pleadings is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### A.    42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the

-3-

11cv0108 BEN (CAB)

1  Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541

2  U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir.

3  1985) (*en banc*).

4        **B.**    **Claims against Parole Agents**

5        Plaintiff seeks to hold Defendant Cavalin and Calderon liable for placing a condition

6  on his parole that prevented him from working. (Compl. at 3.)  However, state parole

7  officials are absolutely immune from damages actions based on any decision to impose a

8  parole condition, to have a parolee arrested for an alleged parole violation, or to institute

9  judicial proceedings which result in the revocation of parole. *See Anderson v. Boyd*, 714

10 F.2d 906, 909 (9th Cir. 1983); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1985) (parole

11 officers are entitled to absolute immunity with respect to the preparation of parole revocation

12 reports).  Thus, the claims relating to the alleged parole conditions must be dismissed for

13 seeking monetary damages against immune defendants.

14       **C.**    **Retaliation**

15       Plaintiff also alleges that Defendant Cavalin subjected him to "reprisal" because he

16 filed a grievance against her. (Compl. at 3.)  To prevail on a claim of retaliation, Plaintiff

17 must be able to prove the following five factors: "(1) An assertion that a state actor took

18 some adverse action against [Plaintiff]; (2) because of (3) [Plaintiff's] protected conduct, and

19 that such action (4) chilled [Plaintiff's] exercise of his First Amendment rights, and (5) the

20 action did not reasonably advance a legitimate correctional goal." *See Rhodes v. Robinson*,

21 408 F.3d 559, 567-568 (9th Cir. 2005).  Plaintiff alleges no facts to suggest that Defendants'

22 actions did not reasonably advance a legitimate correctional goal, nor does Plaintiff allege

23 any facts to show that his First Amendment rights were chilled.  Thus, Plaintiff's First

24 Amendment retaliation claims are dismissed for failing to state a claim upon which § 1983

25 relief can be granted.

26       In sum, the Court finds that Plaintiff's Complaint must be dismissed *sua sponte* for

27 failing to state a claim upon which relief can be granted and for seeking monetary damages

28 against an immune defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See*

1   *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446 n.1.

## III.

## CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to proceed IFP is **GRANTED**.

2.      The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by: (a) collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income; and (b) forwarding these payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). *All payments shall be clearly identified by the name and number assigned to this action.*

3.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.      Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** *forty-five (45) days leave* from the filing date of this Order to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself, without reference to the superseded pleading. *See* CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177–79 (9th Cir. 1996).

///

5.     The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

Dated: April ____, 2011

THE HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

-6-

11cv0108 BEN (CAB)