FILED

2011 JUL 19 AM 10: 23

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON, CDCR #V-64547,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTINE CAVALIN; JOSE CALDERON,<br><br>Defendants. | Civil No. 11-cv-0108 BEN (CAB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT AS FRIVOLOUS PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I.
### PROCEDURAL HISTORY

On January 18, 2011, William Cecil Thornton ("Plaintiff"), a state prisoner currently incarcerated at the California Correctional Institution located in Tehachapi, California, and proceeding in pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.)

On April 5, 2011, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted and for seeking monetary damages against an immune defendant. *See* Apr. 5, 2011 Order at 5–6.

1  Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of
2  pleading identified by the Court. On May 16, 2011, Plaintiff filed his First Amended Complaint
3  ("FAC").    In the Court's previous Order, Plaintiff was informed that any defendants not
4  renamed in his amended complaint would be deemed to have been dismissed from the action.
5  *See* Apr. 5, 2011 Order at 5 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Plaintiff
6  no longer names Jose Calderon as a defendant in his First Amended Complaint and thus, this
7  Defendant is **DISMISSED** from this action.

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

10      As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA")
11  obligates the Court to review complaints filed by all persons proceeding IFP and by those, like
12  Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or
13  adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,
14  probation, pretrial release, or diversionary program," "as soon as practicable after docketing."
15  *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these provisions of the PLRA, the Court must
16  sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to
17  state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C.
18  §§ 1915(e)(2)(B) & 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)
19  (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren*
20  *v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

21      "[W]hen determining whether a complaint states a claim, a court must accept as true all
22  allegations of material fact and must construe those facts in the light most favorable to the
23  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
24  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's
25  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. L.A. Police Dept.*, 839 F.2d
26  621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963
27  F.2d 1258, 1261 (9th Cir. 1992).  However, in giving liberal interpretation to a pro se civil rights
28  complaint, the court may not "supply essential elements of claims that were not initially pled."

*Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### A.  42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B.  Claims Against Parole Agents

Plaintiff's First Amended Complaint is far from clear, but he appears to allege that Defendant Cavalin had informed a superior court judge in his criminal proceeding that she had removed any "work restrictions" from his parole conditions. (*See* FAC at 3.) However, Plaintiff claims that Defendant Cavalin did not, in fact, remove work restrictions from his parole conditions. (*Id.*) Plaintiff appears to claim that the actions of Defendant Calavin impacted his ability to work because she required that "all clients will be notified of subjects criminal history including sex offense before any employment work begins." (*Id.*)

As an initial matter, Plaintiff has previously brought an action against Defendant Cavalin for imposing other parole conditions. Thus, Plaintiff's claims may be subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it appears to be duplicative of a case Plaintiff has already litigated. *See Thornton v. Schwarzenegger*, S.D. Cal. Civil Case No. 10cv1585 RBB. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

/ / /

/ / /

"Res judicata, or claim preclusion prohibits lawsuits on 'any claims that were raised or could have been raised' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Here, Plaintiff challenges a parole condition that arises from the same parole conditions he challenged in the action that he filed in 2010. In fact, Plaintiff litigated his status as a sex offender in *Thornton v. Schwarzenegger*, S.D. Cal. Civil Case No. 10cv1585 RBB, and it appears that he seeks to challenge that status in the action before this Court as well.

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotation marks omitted). Because Plaintiff has already previously litigated some of the claims in this action and he should have litigated all his claims in the same action arising from the same set of facts, the Court hereby **DISMISSES** the present action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). *See id.*; *Resnick*, 213 F.3d at 446 n.1.

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1)  Plaintiff's First Amended Complaint (Docket No. 4) is **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). In addition, the Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. Cal. Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

2)  **IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th

Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: July 18, 2011

HON. ROGER T. BENITEZ
United States District Court Judge